United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 03, 2025
Nathan Ochsner, Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | Case No. 24-34705 |
| **Valencia Hospitality Group, LLC** | § | Chapter 11 |
| | § | Subchapter V |
| *Debtor* | § | |

### ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION PURSUANT TO 11 U.S.C. § 1191(b)

The Court held a hearing on February 19, 2025, (the "Confirmation Hearing") to consider confirmation of the *Debtor's Plan of Reorganization for Small Business Under Subchapter V of Chapter 11* [ECF No. 44] (the "Plan") filed by Valencia Hospitality Group, LLC (the "Debtor"). Having considered the Plan, testimony, declarations, ballot summary, liquidation analysis, the financial projections filed at [ECF No. 46], and other evidence admitted at the Confirmation Hearing, the arguments of counsel and the applicable legal authorities, the Court hereby confirms the Plan and makes and issues the following findings of fact and conclusions of law (the "Confirmation Order").[1]

#### I. JURISDICTION, VENUE & CONSTITUTIONAL AUTHORITY

A.  This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11 or arising in or related to cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[2] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) and (L) this proceeding

---

[1] 1 Capitalized terms not defined herein shall have the meaning set forth in the Plan. All statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, unless otherwise indicated.

[2] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

1

involves primarily core matters as it "concern[s] the administration of the estate and confirmation of a chapter 11 plan."[3]

B.	Furthermore, this Court may only hear a case in which venue is proper. Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." Debtor's chapter 11 case is presently pending in this Court and therefore, venue of this proceeding is proper.

C.	The pending matter before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (L). Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order.[4]

## II.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.	This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52. To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such. To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such. This Court made certain oral findings and conclusions on the record. This order supplements those findings and conclusions. If there is an inconsistency, this Order controls.

B.	On October 6, 2024 (the "Petition Date"), the Debtor commenced this bankruptcy case (the "Case") by filing a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code. The Debtor has continued as a Debtor in possession pursuant to 11 U.S.C. §§ 1108 and 1184.

C.	On October 9, 2024, the Office of the United States Trustee filed the *Notice of Appointment of Subchapter V Trustee*, [ECF No. 5,] appointing Jarrod B. Martin as the subchapter V trustee (the "Subchapter V Trustee") pursuant to 11 U.S.C. § 1183(a).

---

[3] 11 U.S.C. § 157(b)(2).
[4] Stern v. Marshall, 564 U.S. 462 (2011).

D.	As of the petition date, the Debtor was and continues to be eligible for relief under 11 U.S.C. § 109 and subchapter V of the Bankruptcy Code, and the Debtor is the proper proponent of the Plan under 11 U.S.C. § 1189.

E.	The Debtor complied with 11 U.S.C. §1189(b). The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a). The Plan and Confirmation Hearing Notice were each transmitted and served in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

F.	The solicitation of the Plan complied with the Bankruptcy Code and Bankruptcy Rules, was appropriate and satisfactory based upon the circumstances of the Case, was conducted in good faith, and was in compliance with 11 U.S.C. §§ 1125, 1126, and all other applicable sections of the Bankruptcy Code and Bankruptcy Rules.

G.	All parties required to be given notice of the bankruptcy, all deadlines in the Case, the Plan, and the Confirmation Hearing have been provided due, proper, timely, and adequate notice and had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

H.	The Plan complies with 11 U.S.C. § 1190 because it contains a brief history of Debtor's business operations; a liquidation analysis; projections with respect to the Debtor's ability to make the payments under the Plan; and the submission of all or a portion of the subchapter V debtor's post-petition income from future earnings to the supervision and control of the trustee as is necessary for the execution of the plan.

I.	The Debtor, as proponent of the Plan, has met its burden of proving the applicable elements of 11 U.S.C. §§1191(b) by a preponderance of the evidence.

Accordingly, it is therefore

**ORDERED:** that

    1.    The Plan of Reorganization filed by the Debtor on January 6, 2025 [ECF Nos. 44 and 46] and attached hereto as **Exhibit A**, is hereby CONFIRMED and approved in each and every respect pursuant to 11 U.S.C. § 1191(b), with the modifications set forth below.  The terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order.  The Plan shall be effective and binding upon entry of this Confirmation Order but subject to the occurrence of the Effective Date.  The terms of the Plan and the Debtor's or Reorganized Debtor's entry into any related documents and performance thereunder, including, without limitation, all documents necessary to implement the transactions contemplated under the Plan, are hereby approved and authorized.  The Debtor and reorganized Debtor are authorized to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, agreements and other documents contemplated by the Plan.

    2.    The Debtor has requested that the Court confirm the Plan notwithstanding the fact that the Plan is not consensual and the requirements of Section 1129(a)(8), (10), and (15) are not satisfied, and the Court finds that the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims that is impaired under, and has not accepted, the Plan.

    3.    To the extent any objections to confirmation of the Plan have not been resolved or withdrawn, any such objections are hereby overruled.

    4.    In the event of a conflict between provisions of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

    5.    Within three (3) calendar days after entry of this order, the Debtor must serve notice of entry of this Confirmation Order, ("Notice"), pursuant to Bankruptcy Rule 3020(c).  The Notice must be sent to all creditors and parties-in-interest by first class mail, postage prepaid.  The Debtor must thereafter promptly file a copy of such Notice with proof of mailing with the Clerk of Court.

6. The provisions of the Plan, and any documents executed in conjunction with the Plan, and this Confirmation Order are effective as of the entry of this Confirmation Order, but subject to the occurrence of the Effective Date, to the fullest extent of applicable law including, without limitation, 11 U.S.C. § 1141, the Plan and this Confirmation Order shall be binding on: (a) the Debtor; (b) all holders of claims and Interests, irrespective of whether they are Impaired under the Plan and whether or not such holders of claims and Interests voted to accept the Plan; and (c) each person or entity acquiring property under the Plan. The Plan shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

7. The following Nonmaterial Plan Modifications are hereby approved:

   a) Section 5.01(b) is added to the Plan to provide that the Debtor's Landlord, Madison Garden Oaks, LLC, is entitled to payment of the cure amount of $19,745.68, and the Debtor shall pay directly to the landlord such cure amount in monthly payments of $2,000 each with the regular post-confirmation lease payments until such cure amount is paid in full.

   b) Ricardo Valencia, the Debtor's owner and principal, shall guarantee Debtor's post-confirmation future earnings to be at least $18,000 per quarter and shall contribute to the Debtor sufficient funds to make up any shortfall.

   c) Monthly Plan payments to Class 1 priority unsecured creditors shall be paid directly by the Debtor in accordance with he Plan. The Debtor will provide the Subchapter V Trustee each quarter evidence showing that such payments were made.

   d) The Subchapter V Trustee shall be the disbursing agent for all distributions made to general non-priority unsecured creditors under the Plan. The Debtor shall be required to pay a post-confirmation retainer to the Subchapter V Trustee of $750 monthly. As disbursing agent, the Trustee may pay his post-confirmation fees without further order of the Court on 14-days negative notice. The Subchapter V Trustee may file a Notice Regarding Payment of Fees, which shall include fees and expenses incurred by the trustee on a quarterly basis. If no party objects to the notice, after 14 days, the Subchapter V Trustee may pay the fees and expenses. If a party in interest does object, the Court will set a hearing to determine whether the fees and expenses incurred by the Subchapter V Trustee are reasonable and necessary.

   e) Payments by the Debtor to the Subchapter V Trustee are due by the 15th of the beginning of the quarter in which they are payable, with the first

     payment under the Plan due on the 15th of the first quarter following confirmation.

 f) The payments to general non-priority unsecured creditors will be escrowed by the Subchapter V Trustee and paid on at least an annual basis.

 g) The Debtor shall provide the Subchapter V Trustee access to information and access otherwise to fulfill all duties pursuant to § 1183.

 h) Any modification of payments under the Plan must be filed and noticed by the Debtor or by the Subchapter V Trustee.

 i) Disbursements may be delivered by the Disbursing Agent to the address for payment set forth on a proof of claim filed by the claimant or its authorized agent; or at the address set forth in any written notices of change of address delivered to the Disbursing Agent.

 j) In the event that either (a) a distribution to any Creditor is returned as undeliverable or (b) the Creditor of an Allowed Claim does not respond to a request by the Disbursing Agent for information necessary to facilitate a particular distribution, no distribution to such Creditor shall be made unless and until the Disbursing Agent has determined the then-current address of such Creditor or received the necessary information to facilitate a particular distribution, at which time such distribution shall be made to such Creditor without interest, dividends, or other accruals of any kind; provided that such distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code on the date that is six months after the later of (x) the Effective Date and (y) the date of the distribution.  After such date, the Disbursing Agent will make withheld funds available to allowed claim holders in accordance with the terms of the Plan within the next payment period.

8. All of the Debtor's assets shall be granted, released, assigned, conveyed, transferred, and delivered as of the Effective Date to the Reorganized Debtor pursuant to 11 U.S.C. §§ 1123(a)(5)(B) and 1123(b)(3)(B) and in accordance with the Plan and Confirmation Order, and as of the Effective Date, free and clear of any and all liens, claims, encumbrances, and interests (legal, beneficial, or otherwise) of all other persons and governmental units to the maximum extent contemplated by and permissible under 11 U.S.C. § 1141(c) for the uses and purposes as specified in the Plan and this Confirmation Order.

9. The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being

the intent of the Court that the Plan be approved and confirmed in its entirety subject to the modifications set forth herein. Each provision of the Plan shall be deemed authorized and approved by this Confirmation Order, subject to the modifications set forth herein, and shall have the same binding effect of every other provision in the Plan, whether or not mentioned in this Confirmation Order.

10. The Debtor and attorneys, and the Subchapter V Trustee are hereby authorized, empowered, and directed to carry out the provisions of the Plan and to perform the acts and execute and deliver the documents as are necessary or appropriate in connection with the Plan and this Order.

11. Nothing in this Confirmation Order or the Plan shall in any way operate to, or have the effect of, impairing or extinguishing in any respect any causes of action disclosed on Debtor's schedules or arising under chapter 5 of the Bankruptcy Code or any other claims or defenses owned by the Debtor on the Effective Date, and the Debtor shall retain such claims as provided in the Plan, including any claims or defenses that may not have been defined in the Plan but are nonetheless owned by the Debtor on or before the Effective Date. After the Effective Date, the Debtor may, in accordance with the provisions of the Plan, evaluate and determine whether to pursue any such retained claims.

12. Except as otherwise expressly provided in the Plan, all payments and other distributions to be made under the Plan shall be timely and proper if mailed by first class mail on or before the date of distribution provided for in the Plan, or if the distribution is to be made by the Subchapter V Trustee, during the first half of the month in which the distribution is due, to the address listed in the creditor's proof of claim filed in this case, or, if no proof of claim is filed, to the creditor's last known mailing address.

13. Upon completion by the Debtor of all payments due under this Plan, the Debtor may file a motion requesting the Court to grant Debtor a discharge pursuant to Section 1192 of the Bankruptcy Code.

14. The Debtor and all holders of Claims and Interests are bound by the Plan and this Confirmation Order within the meaning of 11 U.S.C. § 1141.

15. The Court shall retain jurisdiction of this case for all purposes provided in 11 U.S.C. §§ 1127(b) and 1142, and Bankruptcy Rule 3020(d).

16. Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan and the Confirmation Order, all the property of the Estate vests in the Debtor. Except as provided in 11 U.S.C. § 1141(d)(2) and (3), and except as otherwise provided in the Plan or in this Confirmation Order, after Confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims and Interests of creditors. If the Debtor's bankruptcy case is subsequently converted to Chapter 7, all property of the Debtor shall automatically revest and become property of the bankruptcy estate of the Debtor in the converted Chapter 7 case.

17. No later than fourteen (14) calendar days from the Effective Date of the confirmed Plan, all professionals, including the Subchapter V Trustee, must file all final fee applications, pursuant to Fed. R. Bankr. P. 2016.

18. Pursuant to 11 U.S.C. § 1183(c)(2), not later than 14 days after Debtor's plan is substantially consummated, Debtor must file with the court and serve on the Subchapter V Trustee, the United States Trustee, and all parties in interest notice of such substantial consummation and file such notice with the Clerk of Court.

19. Upon substantial consummation of the Plan, the duties of the Subchapter V Trustee in the Debtor's bankruptcy case shall terminate as provided under 11 U.S.C. § 1183(c)(1).

Nevertheless, the Subchapter V Trustee is not discharged pursuant 11 U.S.C. § 350(a) until such time as the Court enters its final decree and closes the case.

20.     The Trustee shall file all reports required by 11 U.S.C. §§ 1183(b)(1) and 704(a)(9) in the manner prescribed by the United States Trustee Program. Upon the completion of the Plan, the Trustee shall file their final report and seek a discharge of their duties as Trustee.

21.     The Trustee shall file a post-confirmation final fee application within ninety (90) days of the notice of completion of plan payments. The final fee application shall include all compensation received.

22.     Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated in the Plan, the laws of the State of Texas, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Plan, any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control.

23.     This Confirmation Order is a Final Order which shall be effective and enforceable immediately upon entry and its provisions shall be self-executing, and the period in which an appeal must be filed shall commence upon the entry hereof.

Signed: March 03, 2025

Jeffrey P. Norman
United States Bankruptcy Judge

9

Submitted by:

 */s/ Walter J. Cicack*
Walter J. Cicack
State Bar No. 04250535
wcicack@hcgllp.com
William R. Liles
State Bar No. 24083395
wliles@hcgllp.com
**HAWASH CICACK & GASTON LLP**
711 W. Alabama St., Suite 200
Houston, Texas 77006
(713) 658-9015 – tel/fax
*Attorney for Debtor*


Reviewed and Approved:

  */s/ Jarrod B. Martin*
Jarrod B. Martin
State Bar No. 24070221
jbm.trustee@chamberlainlaw.com
CHAMBERLAIN HRDLICKA
1200 Smith St., Suite 1400
Houston, Texas 77002
(713) 356-1280 – direct
(713) 658-2553 – fax
*Subchapter V Trustee*

KEVIN M. EPSTEIN
United States Trustee Region 7
Southern and Western Districts of Texas

By:  */s/ Jana Smith Whitworth*
Jana Smith Whitworth, Trial Attorney
State Bar No. 00797453
jana.whitworth@usdoj.gov
515 Rusk Avenue, Suite 3516
Houston, Texas 77002
(713) 718-4673 – tel
(713) 718-4670 – fax
*Attorney for United States Trustee*